# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE RAMIREZ,<br><br>        Petitioner,<br><br>   v.<br><br>DARRELL ADAMS,<br><br>        Respondent.<br>_____/ | CV F   06-1153 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on August 28, 2006.

## DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

1  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

2  1983 is the proper method for a prisoner to challenge the conditions of that confinement.

3  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

5        In this case, Petitioner is challenging the processing of inmate mail at Corcoran State

6  Prison.  Specifically, Petitioner alleges that the prison has an illegal policy of interfering with the

7  inmate's confidential incoming mail.  Petitioner is challenging the conditions of his confinement,

8  not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus

9  relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims,

10 Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

12        Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

13 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas

14 corpus relief.

15        This Findings and Recommendation is submitted to the assigned United States District

16 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

17 the Local Rules of Practice for the United States District Court, Eastern District of California.

18 Within thirty (30) days after being served with a copy, any party may file written objections with

19 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

20 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

21 and filed within ten (10) court days (plus three days if served by mail) after service of the

22 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

23 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

24 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

25 Cir. 1991).

26 IT IS SO ORDERED.

27 **Dated:   October 10, 2006**              /s/ Sandra M. Snyder
   icido3                                    UNITED STATES MAGISTRATE JUDGE